UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 1:99-CR-103

        HON. DAVID W. McKEAGUE*

JUDD METZ,

        Defendant.
_____/

**MEMORANDUM OPINION AND ORDER
APPROVING REPORT AND RECOMMENDATION
AND DENYING § 2255 MOTION**

On March 30, 2000, the Court sentenced defendant Judd Metz to a 120-month term of imprisonment after he pleaded guilty to the charge of possession of a stolen firearm. Defendant's appeal to the Sixth Circuit Court of Appeals was dismissed for lack of jurisdiction. Now before the Court is defendant's *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion has been reviewed by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge has issued a report and recommendation, recommending that the motion be denied as time-barred. Defendant has filed timely objections to the report and recommendation. The Court has undertaken *de novo* review of the report and recommendation in light of defendant's objections. The Court now finds the objections to be of no avail.

_____

    * Hon. David W. McKeague, United States Circuit Judge, Sixth Circuit Court of Appeals, sitting by designation.

In his § 2255 motion, defendant contends his Sixth Amendment rights were violated because this Court impermissibly made certain findings of fact to enhance his sentence, contrary to the teaching of the Supreme Court's ruling in *Blakely v. Washington*, 124 S.Ct. 2531 (2004). He also contends that he was denied effective assistance of counsel at his sentencing. The magistrate judge concluded that defendant's motion is time-barred because filed more than one year after his judgment of conviction became final. Defendant contends that the time period should be deemed extended because his *Blakely* claim asserts a right only recently recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The magistrate judge rejected this argument, concluding that *Blakely* is not entitled to retroactive effect.

At the time the report and recommendation issued, as the magistrate judge correctly observed, the controlling authority in this circuit held that the *Blakely* analysis did not apply to the United States Sentencing Guidelines. *See United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (*en banc*), *vacated* 125 S.Ct. 1944 (2005). Assuming the *Blakely* analysis *were* deemed to apply to the federal sentencing guidelines, the magistrate judge concluded it would not apply retroactively to disturb defendant's judgment of sentence, which had become final before the *Blakely* decision issued. Defendant objects to the magistrate judge's retroactivity analysis.

On January 12, 2005, in *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court held that the *Blakely* analysis does apply to the United States Sentencing Guidelines, concluding that "any fact other than a prior conviction which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756. The *Booker* ruling thus lends facial support to defendant's motion.

However, in *Humphress v. United States,* 398 F.3d 855, 861 (6th Cir. 2005), the Sixth Circuit applied the three-step analysis from *Teague v. Lane*, 489 U.S. 288 (1989), to determine whether *Booker's* new rule of criminal procedure applies to a case on collateral review. The *Humphress* court concluded that the Supreme Court's intervening decision in *Booker*, which now governs defendant's *Blakely* claim, does not apply retroactively on collateral review to judgments which had already become final. *Id.* at 863. *Booker* was decided more than three years after defendant's conviction was finalized. Since *Booker* is not entitled to retroactive application, it does not serve to extend the governing period of limitation. It follows that defendant's objection based on retroactive application of the holding of *Booker* must be overruled.

Accordingly, the report and recommendation of the magistrate judge is **APPROVED** and, consistent therewith, defendant's § 2255 motion to vacate, set aside, or correct his sentence is hereby **DENIED** as time-barred.

**IT IS SO ORDERED**.

Dated:   July  28 , 2005                                          /s/ David W. McKeague
                                                                  HON. DAVID W. McKEAGUE
                                                                  UNITED STATES CIRCUIT JUDGE